IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                          PLAINTIFF

v.                           No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK INSURANCE
LLC; CONTINENTAL CASUALTY COMPANY;
ADMIRAL INSURANCE COMPANY;
ADMIRAL INDEMNITY COMPANY;
IRONSHORE INDEMNITY INC.; and
IRONSHORE SPECIALTY INSURANCE
COMPANY                                                             DEFENDANTS

ORDER

The Court has received the Judgments and Mandates from the Court of Appeals. № 32, 33, 34 & 40. This Court's Order on subject matter jurisdiction was vacated and the case sent back for reconsideration in light of *Hargett v. RevClaims, LLC*, 854 F.3d 962 (8th Cir. 2017). Done. The Court stands by and reinstates part of its vacated Order, № 24. On reconsideration, the Court concludes that it decided the ERISA issues, the basic CAFA jurisdictional requirements, and the local controversy exception correctly. But the Court swung and missed on the citizenship/residence issue. *Hargett* reminds that residence doesn't determine domicile, which is the core of citizenship for

jurisdictional purposes. Whitley's complaint speaks only of Arkansas residents. This is insufficient under the CAFA home state exception. 28 U.S.C. § 1332(d)(4)(B). That exception, therefore, doesn't apply. Whitley's motion to remand and all related papers, № 11–12, 15–16, 20 & 23, are reinstated. And the motion is denied: this Court has subject matter jurisdiction, and Whitley's case will stay here. An Initial Scheduling Order will issue.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 June 2017