IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Brian Whitley, Individually, and on Behalf of All Others Similarly Situated PLAINTIFF

v. Case No. 4:16-cv-00624-DPM

Baptist Health; Baptist Health Hospitals; Diamond Risk Insurance, LLC; Continental Casualty Company; Admiral Insurance Company; Admiral Indemnity Company; Ironshore Indemnity, Inc.; Ironshore Specialty Insurance Company DEFENDANTS

**AGREED PROTECTIVE ORDER**

The parties to this case agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in electronic format) that may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order:

1. It is agreed that material requested by any of the parties, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by these terms before being given any of the information:

a. Counsel for plaintiff and counsel for defendants engaged in this litigation and to their respective staff, to the extent reasonably necessary;

b. The parties to the litigation, including their employees, employers and experts;

c. All witnesses, whether testifying in depositions, hearings, or at trial;

d. Court personnel, any mediator involved in this action, and employees of any such mediator; and

e. Any other individuals included by order of the Court.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated as confidential shall not waive the producing party's right to so designate such document or information. Any information or documentation that is inadvertently produced without being designated as confidential shall be, upon written request of the producing party, treated as being designated as confidential under this Protective Order.

3. A party may designate as "CONFIDENTIAL" portions of any deposition transcript where confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed.

4. A party wishing to challenge a "CONFIDENTIAL" designation must first confer in good faith in person before bringing any discovery dispute to the Court. Motions for compel should not be filed. Motions to quash or for protective order should not be filed in absence of an emergency. If the parties reach a discovery impasse, they should file a joint report entitled "Joint Report of Discovery Dispute," which should explain the disagreement. This report shall meet the requirements set forth in the Court's final scheduling order.

5. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6. If any document that has been designated "CONFIDENTIAL" needs to be filed with the Court, if practicable, the party must redact the confidential information and file the redacted version of the document on the public docket. FED. R. CIV. P. 5.2. If redaction is impracticable, the parties must file a motion seeking permission to file under seal, explaining their good faith efforts to redact, and providing good cause for sealing the document.

7. The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in these terms shall restrict any use by a producing party of its own confidential information or documents.

7. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

8. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly,

except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

9. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

10. Within 90 days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

11. For purposes of this agreed order, the term "CONFIDENTIAL" shall mean a trade secret or other confidential research, development, or commercial information.

12. The Court retains jurisdiction to enforce this Order for one year after this case ends, including any appeal. Thereafter, this Order will be solely a matter of contract between the parties and signatories.

IT IS SO ORDERED.

D.P. Marshall Jr.
Hon. D. P. Marshall Jr.
United States District Judge

15 August 2017
Date

1512082-v1