IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                PLAINTIFF

v.                         No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; CONTINENTAL
CASUALTY COMPANY; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE COMPANY                              DEFENDANTS

ORDER

1.  The Court appreciates the parties' supplemental briefing, № 64 & № 65. It's too early to tell whether Baptist had the right to go the lien route. If it did, Whitley lacks standing. If it didn't, Whitley has standing. Interference with a settlement through an improper lien creates an injury — delayed payment, which in this case started in May of 2014 when Whitley received the settlement offer and ended in June of 2016 when the lien expired. *Stewart Title Guaranty Co. v. American Abstract & Title Co.*, 363 Ark. 530, 600–03 (2005); RESTATEMENT (SECOND) OF TORTS § 766B. Whitley and the third party's insurer could not settle without dealing with the lien while it was on the books. ARK. CODE

ANN. § 18-46-112. It's not clear to the Court that the lack of consummation after the lien expired eliminates, as a matter of law, injury from an improper-lien-driven delay. *Garrison* is solid but distinguishable for two reasons. First, the plaintiff there doesn't seem to have argued the delay theory now pressed by Whitley. Second, the hospital's lien wasn't holding up Garrison's settlement; a claim against the third party for money beyond the insurance proceeds was. *Garrison v. Revclaims LLC*, No. 3:16-cv-253-JLH, № 73 at 5 & 7. The Court can better address all of Whitley's claims (on standing or other grounds) with the benefit of a more complete record. The motion for summary judgment, № 56, is therefore denied without prejudice.

2. Baptist's motion to stay pending a decision on the summary judgment motion is partly denied and partly granted. № 66. Discovery is limited to Whitley-related materials. The Baptist entities must produce to Whitley their provider (or similar) agreements with QualChoice and its affiliates that were in effect when Whitley was treated by 15 February 2018. The Court requests the parties to follow the Scheduling Order, № 54 at 3–4, in bringing forward any future non-emergency discovery dispute.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 January 2018