IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Brian Whitley, Individually, and on
Behalf of All Others Similarly Situated                               PLAINTIFF

v.                              Case No. 4:16-cv-00624 (DPM)

Baptist Health; Baptist Health Hospitals; Diamond Risk
Insurance, LLC; Continental Casualty Company; Admiral
Insurance Company; Admiral Indemnity Company; Ironshore
Indemnity, Inc.; Ironshore Specialty Insurance Company            DEFENDANTS

## AMENDED AGREED PROTECTIVE ORDER

The purpose of this amendment is to extend the confidentiality protections and obligations of the existing Agreed Protective Order (Dkt. # 55) to documents and information obtained from any non-parties to this litigation, including non-party RevClaims, LLC. The parties to this case and all other non-party signatories to this Order agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in electronic format) that may be discovered or offered into evidence at the trial of this case. The parties and signatories agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order:

1.  It is agreed that material provided by any of the parties or signatories, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by these terms before being given any of the information:

    a.  Counsel for plaintiff and counsel for defendants engaged in this litigation and their respective staff, to the extent reasonably necessary;

-1-

b. The parties to the litigation, including their employees, employers and experts;

c. All witnesses, whether testifying in depositions, hearings, or at trial;

d. Court personnel, any mediator involved in this action, and employees of any such mediator; and

e. Any other individuals included by order of the Court.

Documents produced by the parties or signatories to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated as confidential shall not waive the producing entity's right to so designate such document or information. Any information or documentation that is inadvertently produced without being designated as confidential shall be, upon written request of the producing entity, treated as being designated as confidential under this Protective Order.

3. A party or non-party may designate as "CONFIDENTIAL" portions of any deposition transcript where confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed.

4. A party or non-party wishing to challenge a "CONFIDENTIAL" designation must first confer in good faith in person before bringing any discovery dispute to the Court. Motions to compel should not be filed. Motions to quash or for protective order should not be filed in absence of an emergency. If the parties reach a discovery impasse, they should file a joint report entitled "Joint Report of Discovery Dispute," which should explain the disagreement. This report shall meet the requirements set forth in the Court's final scheduling order.

5. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6. If any document that has been designated "CONFIDENTIAL" needs to be filed with the Court, if practicable, the party must redact the confidential information and file the redacted version of the document on the public docket. Fed. R. Civ. P. 5.2. If redaction is impracticable, the parties must file a motion seeking permission to file under seal, explaining their good faith efforts to redact, and providing good cause for sealing the document.

7. The parties or non-parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in these terms shall restrict any use by a producing party of its own confidential information or documents.

8. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

9. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

10. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party or

non-party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party or non-party and provide it with an opportunity to object before any disclosure is made.

11. Within 90 days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

12. For purposes of this agreed order, the term "CONFIDENTIAL" shall mean a trade secret or other confidential research, development, or commercial information.

13. The Court retains jurisdiction to enforce this Order for one year after this case ends, including any appeal. Thereafter, this Order will be solely a matter of contract between the parties and signatories.

IT IS SO ORDERED.

*WPMarshall Jr.*
Hon. D.P. Marshall Jr.
United States District Judge

*15 March 2019*
Date

-4-

APPROVED:

Campbell & Grooms, PLLC
8500 West Markham, Suite 105
Little Rock, AR 72205
(501) 313-4967
By: /s/ Donald K. Campbell, III
Donald K. Campbell, III
ARSC No. 84017
Kendel W. Grooms
ARSC No. 2009128

BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
(479) 202-5200 Phone
(479) 202-5605 Fax
By: /s/ Sach D. Oliver
Sach D. Oliver, AR Bar No. 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff D. Hamby, AR Bar No. 2015171

HENINGER GARRISON DAVIS LLC
2224 First Avenue North
Birmingham, Alabama 35203
205-326-3336 Phone
205-326-3332 Fax
By: /s/ Jeffrey P. Leonard
W. Lewis Garrison Jr. (Ala.: ASB-3591-N74W)
Erik S. Heninger (Ala.: ASB-1189-K46H)
Jeffrey P. Leonard (Ala.: ASB-2573-J67L)
*Attorneys for Plaintiff*

Robert L. Henry, III
James D. Robertson
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175
By: /s/ Robert L. Henry, III
*Attorneys for the Baptist Defendants and Defendant Diamond Risk Insurance LLC*

David P. Glover
David Chan Jung
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
By: /s/ David P. Glover
*Attorneys for Defendant Continental Casualty Company*

Jeffrey W. Puryear
Ryan M. Wilson
Womack Phelps
Puryear Mayfield & McNeil, P.A.
301 W. Washington Ave., 3rd Floor
Jonesboro, Arkansas 72401
(870) 932-0900
By: /s/ Jeffrey W. Puryear
*Attorneys for RevClaims, LLC*