IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                                  PLAINTIFF

v.                                  No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; CONTINENTAL
CASUALTY COMPANY; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE CO.                                                  DEFENDANTS

## ORDER

1. Joint report, № 144, noted.

2. The issue hanging fire was numerosity. Even with all of Baptist's proposed trims, the class of almost three thousand folks exists. The group easily satisfies the criterion. *Postawko v. Missouri Department of Corrections*, 910 F.3d 1030, 1037–38 (8th Cir. 2018). The Court is unable to address the proposed trims at this point. Baptist must identify all patients who could be covered by the class definition, including part (iv), without nibbling, unless Whitley agrees to the nibbles. The damages issues—part (v)—must abide further discovery. Baptist's continuing objections are preserved.

**3.** The proposed notices must be sufficiently hedged: "You *may* be a member of the class certified by the Court"; "You *may* have a claim"; "The Court has made no decision on the merits"; and other similar tentative expressions. Conform the schedule for opting out to the Second Amended Final Scheduling Order, which the Court will soon enter. Proposed notices due as soon as practicable and no later than 10 January 2020.

**4.** Meanwhile, Baptist must share the latest audit particulars with Whitley. And counsel must meet in person thereafter to discuss them. Whitley should also proceed with refined class-related discovery. The sub-class argument is re-argument of a point already rejected. The identified common issue transcends the particulars. And the time to revisit those particulars is in a motion to decertify, or for trial of sub-classes, after class discovery is completed. The most prudent course may be to try liability only first; that is the core common issue. № *138 at 20–21.* The Court looks forward to receiving the parties' views in due course.

**5.** If the Agreed Protected Order, № 55, needs modification to be HIPPA compliant, please propose a revised Order by 10 January 2020, too.

So Ordered.

*WPM Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 December 2019