IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                              PLAINTIFF

v.                              No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; CONTINENTAL
CASUALTY COMPANY; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE CO.                                                 DEFENDANTS

ORDER

1. The Court appreciates the parties' prompt and focused briefs. They're helpful.

- **Uninsured Motorist/ Underinsured Motorist Coverage**

    The Court confirms its tentative ruling. Whitley is correct. UM/UIM policies are other sources covered by the class definition. Baptist's standing objection is overruled. This is, in a sense, the same issue as with payment damages. The

common issue predominates despite some variations between liability coverage and UM/UIM coverage. For either form of coverage, if Baptist maintained or asserted liens after accepting a health insurer's payment, a class member could sustain damages tied to her eventual recovery. And those damages, in either scenario, track Whitley's contract and ADTPA liability theories. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013).

- **Copayments/Deductibles/Coinsurance**
  Baptist is correct. While the insurers are obligated to make full payment to Baptist, each provider agreement is quite clear that the patient remains obligated for certain things: copayments, deductibles, coinsurance, and services not covered by the insurance plan. In other words, the insurers' "full payment" obligation does not eliminate a class member's obligation to make some payments to the healthcare provider at the margin.

- **Medical Payments & Personal Injury Protection**
  These other sources remain excluded. Baptist argues they should be excluded because they are always primary under

-2-

Rule 21. But being primary is not dispositive; third-party liability coverage is also primary. ARK. CODE ANN. § 23-89-215. In Whitley's case, after accepting payment from his health insurer, Baptist pressed a lien tied to a primary form of coverage. But, unlike in the liability and UM/UIM coverage scenarios, Whitley hasn't provided sufficient clarity about class members' entitlement to any Medpay/PIP recovery. Assuming Baptist improperly collected these benefits, much of the money would need to be disgorged to the non-party insurers, not the class. Sorting that, as well as the possibility of some covered expenses having been incurred by some class members—not to mention the interplay of Arkansas's Medpay/PIP statutes, and the Arkansas cases—casts too many shadows on predominance for the class to seek or collect damages related to Medpay/PIP coverage. ARK. CODE ANN. §§ 23-89-202 & 204; *Crockett v. Shelter Mutual Insurance Co.*, 2019 Ark. 365, 589 S.W.3d 369 (2019); *United Services Automobile Association v. Norton*, 2020 Ark. App. 100, 596 S.W.3d 522 (2020).

2. To embody the Court's decisions on all of the recent disputes, the class definition is modified as follows:

> All Arkansas residents who, since 30 July 2011, received any type of healthcare treatment from any Arkansas entity owned, controlled, or managed by Baptist Health or Baptist Health Hospitals; (i) the treatment was covered by valid, in network, health coverage that was underwritten, administered, or supported by (a) QualChoice of Arkansas, (b) Health Advantage, (c) Blue Cross Blue Shield, (d) Humana, (e) Aetna, or (f) UnitedHealthcare; (ii) Baptist submitted the charges for the treatment to the patient's health insurer for payment; (iii) Baptist accepted payment from the health insurer for the treatment; (iv) Baptist (itself or through its agents) sought payment for the treatment from sources other than the health insurer by maintaining or asserting hospital lien(s) for the treatment after accepting payment from the health insurer; and (v) the individual sustained damages. Sources other than the health insurer exclude Medicare, Medicaid, Medicare Advantage, worker's compensation, medical payments coverage, and personal injury protection. Covered liens include only those for amounts exceeding copayments, deductibles, coinsurance, and services not covered by the health insurance plan.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 May 2020