IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                                    PLAINTIFF

v.                          No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE CO.                                                      DEFENDANTS

## ORDER

1. Briefs and related papers, *Doc. 223, 224 & 225*, appreciated. Motion, *Doc. 226*, granted; embedded motion, *Doc. 227*, granted; and responses, *Doc. 226-1 & 227-1*, deemed filed.

2. The current class definition, *Doc. 193 at 4*, stands—with some clarifications prompted by the recent briefing. None of the changes compromises all the parties' good work on the class spreadsheets. First, keeping faith with the provider agreements requires that acceptance is the criterion, not receipt. Baptist is correct on this; Whitley is mistaken. Second, Whitley has helpfully clarified exactly which other sources are in play: third-party motor vehicle accident liability, uninsured motorist coverage, and underinsured motorist coverage. *Doc. 220 at 3–4*. The

Court will tweak the definition to make this specification. Third, the specification of other sources eliminates the need for the vexed carve-outs list. Whitley has, for example, disclaimed any intention to seek recovery where payments were made solely by Medicare, and he has accepted the Court's ruling about PIP and MedPay. Last, what about mixed circumstances involving payments from a defined other source plus payments from Medicare or another government source? The Court confirms its ruling at the June 12th hearing: patients in these mixed circumstances remain in the class. *Doc. 216 at 72–73*. This ruling is not just for notice purposes, as Baptist contends. Rather, the ruling is on the merits because Baptist's acceptance of money from one of the six insurers is what triggers liability, which is not eliminated by Baptist's also having accepted payment from some government source.* The clarified class definition is in Appendix A.

**3.** No material facts are in dispute. The Court therefore confirms its tentative thinking, and rules as a matter of law on liability. *Doc. 222 at 1–2*; FED. R. CIV. P. 56(f). During the recoupment period, Baptist's use of liens violated neither the provider agreements nor the ADTPA, because of the harmonious operation of Arkansas's medical lien,

---

* My family and I have coverage through the Federal Employees Health Benefit Plan. I do not believe that we're members of the class. But, to remove any doubt, I exclude myself and my immediate family members. I will file an under-seal notice with names, so the parties can double check the spreadsheet.

primary coverage, and recoupment statutes. But Baptist violated the agreements and the ADTPA when it asserted or persisted in a lien after the recoupment period, causing a patient to sustain damages. Where the provider agreements bar third-party beneficiaries, this conduct would still violate the ADTPA because Arkansas's insurance statutes and regulations don't specifically permit the conduct. *Air Evac EMS, Inc. v. USAble Mutual Insurance Co.*, 2017 Ark. 368, *6, 533 S.W.3d 572, 575–76 (2017). Also, Federal Rule of Civil Procedure 23 trumps the ADTPA's class action prohibition. *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010); *see Mounce v. CHSPSC, LLC*, 2017 WL 4392048, at *7 & n.4 (W.D. Ark. 29 September 2017). Baptist argues about missing factual support, despite saying, at the June 12th hearing, "[i]f there's time left for recoupment … we aren't arguing to wait even longer for the recoupment." *Doc. 216 at 66*. In any event, potential class members will have to document damages. If there was no delay damage or payment damage, then the patient will drop out and recover nothing.

**4.** The list for notice will be Baptist's alternative class list provided on June 18th using Column BA, *Doc. 219 at 9*, with one exception. Baptist no longer needs to include the one hundred and twenty-five encounters discussed during the June 12th hearing—the encounters added by using the first transaction date across all encounters for a given patient. *Doc. 216 at 20–23*. Baptist must file the

June 18th spreadsheet under seal in digital format, and provide courtesy digital and paper copies to chambers.

5. Notice needs to go out. Whitley must update the class definition by incorporating the Court's earlier edits, *Doc. 148 at 3–7*, and the ones directed by this Order. He must replace the paragraph beginning, "This notice is not...", *Doc. 148 at 4*, with: "The Court has ruled that Baptist had a statutory right to seek payment using hospital liens, but only for a limited period. You may or may not be entitled to get some money. To show whether you were damaged or not, you will need to submit a claim form, which you will receive in due course. This notice is sent to advise you of the pendency of this action and your rights with respect to it." After making these changes, Whitley must send notice as soon as practicable and no later than 31 August 2020. He must also promptly report when he has done so.

6. The September trial is canceled. The Second Amended Final Scheduling Order, *Doc. 146*, is suspended. The motions *in limine*, *Doc. 225 at 8–18*, *Doc. 228*, *Doc. 230*, *Doc. 236*, *Doc. 238*, *Doc. 240* & *Doc. 242*, are denied without prejudice as moot. Baptist's deposition-designation objections, *Doc. 232*, are likewise overruled without prejudice as moot.

7. As soon as practicable after notice goes out, Whitley and Baptist must decide whom to depose about payment damages. *Doc. 189 at ¶ 3*. Status report due by 18 September 2020. Those

depositions need to happen sooner rather than later. The claim form, which the Court must approve, should encompass both delay damages and payment damages. Joint proposed claim form due by 30 September 2020. A Third Amended Final Scheduling Order will issue.

    So Ordered.

                             _____
                              D.P. Marshall Jr.
                              United States District Judge

                              _____
                              7 August 2020

**Appendix A**

Here is the revised class definition which reflects all the Court's rulings as of 7 August 2020:

> All Arkansas residents who, since 30 July 2011, received any type of healthcare treatment from any Arkansas entity owned, controlled, or managed by Baptist Health or Baptist Health Hospitals;  (i) the treatment was covered by valid, in network, health coverage that was underwritten, administered, or supported by (a) QualChoice of Arkansas, (b) Health Advantage, (c) Blue Cross Blue Shield, (d) Humana, (e) Aetna, or (f) UnitedHealthcare;  (ii) Baptist submitted the charges for the treatment to the patient's health insurer for payment;  (iii) Baptist accepted payment from the health insurer for the treatment; (iv) Baptist (itself or through its agents) sought payment for the treatment from sources other than the health insurer (defined only as third-party motor vehicle accident liability, uninsured motorist coverage, or underinsured motorist coverage) by maintaining or asserting hospital lien(s) for the treatment after accepting payment from the health insurer; and (v) the individual sustained damages.  Covered liens include only those for amounts exceeding copayments, deductibles, coinsurance, and services not covered by the health insurance plan.