IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated     PLAINTIFF

v.                    No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE CO.                        DEFENDANTS

ORDER

1. This case has been in limbo for a couple of months as the parties finished briefing on three pending motions. They've also been collaborating on the claim form, but haven't come to terms. First, Diamond Risk says it should be dismissed because Whitley served the wrong person. Second, Whitley asks the Court to revisit its holdings about recoupment and acceptance of payment, and to allow limited additional discovery on those issues. Third, the Baptist defendants seek to knock out Whitley's lawyer Jeffrey P. Leonard or strike the declaration he submitted in support of more discovery. Last, there are the claim-form issues.

**2.** More than four years ago, when this case started in state court, Whitley sued and served Diamond Risk. This company is one of Baptist's insurers; naming it was a hedge against charitable immunity. ARK. CODE ANN. § 23-79-210. Whitley served Jeff Thomas, a lawyer at the Mitchell Williams firm, who was then listed on the Arkansas Insurance Commissioner's website as Diamond Risk's agent for service. As Whitley pleaded, though, Diamond Risk had designated another person, Troy Wells, as its agent for service of process with the Secretary of State. Diamond Risk filed a timely answer, preserving its defenses of defective service and defective process. This insurer has been on the sidelines of this much-litigated case during the ensuing four years. It has been represented throughout by the lawyers who also represent Baptist, the lead defendant.

Under the Federal Rules, Whitley could perfect service under the Arkansas Rules. FED. R. CIV. P. 4(e)(1). And under those state Rules, several individuals can receive process for a corporation. ARK. R. CIV. P. 4(f)(5). The Court knows of no authority for the proposition that an entity must designate one—but only one—registered agent. The parties have cited none. By using the phrase "any agent", rather than "an agent", Arkansas Rule 4(f)(5) implies that having multiple agents is acceptable. Though it is odd that Whitley would note the agent listed by the Secretary of State in his complaint but serve the agent listed by the Insurance Commissioner, Diamond Risk got actual notice of the

case. It filed a timely answer. And, effective in January 2019, Arkansas amended its Rule of Civil Procedure 4, adopting a substantial-compliance standard applicable in these circumstances. ARK. R. CIV. P. 4(k); ARK. R. CIV. P. 4 REPORTER'S NOTES. The parties do not engage on whether the Arkansas Rule amendment should be applied retroactively. The Court concludes that it should: this salutary change was designed to avoid hyper-technical disputes about service when no prejudice exists. None exists here. If there was a service problem, it was at the margin. While the Court does not conclude that Diamond Risk's four-year delay in ventilating this issue worked a forfeiture, that delay casts a long shadow. All material things considered, Whitley got good service on Diamond Risk in August 2016.

**3.** The Court has reconsidered but stands by its August 2020 summary judgment Order, *Doc. 243*. First, the acceptance issue has been a point of much briefing, and much oral argument, throughout the case. From the beginning, Baptist has pressed hard on its complicated dealings with QualChoice and similar entities on claims for payment. The substance was always there, though the word recoupment wasn't. Second, the recoupment statutes did not enter the conversation with the Court until this past summer. As Baptist points out, though, recoupment was discussed in Hilton's depositions. More importantly, in response to Baptist's recent citation of them, the Court raised the recoupment statutes at the June hearing, sought and received post-

hearing briefs on them, sketched its tentative thinking in its July Order, and got another round of briefs on point before ruling. Third, Whitley had ample opportunity to do discovery on the claims-processing issues. He did plenty. Fourth, when it was considering granting judgment on liability, the Court asked the parties to list any genuinely disputed material facts. Whitley did not list any. Fifth, the Court remains convinced that the fighting issue is what the provider agreements mean by acceptance. This is a question of law for the Court absent disputed extrinsic evidence. *Kolbek v. Truck Insurance Exchange*, 2014 Ark. 108, at 6, 431 S.W.3d 900, 905 (2014). The parties' long-standing (and continuing) disagreement is about contract interpretation; there are no genuine disputes of material fact about how Baptist does its business with QualChoice and similar entities, so there is nothing to try on liability. The Court needed to decide and did so. Whitley's companion Rule 56(d) request for more discovery is likewise denied as belated and unnecessary.

    **4.** Baptist argues that Leonard can't be both advocate and affiant. True, a lawyer can't be an advocate at a trial in which he will likely be a necessary witness, absent specific circumstances. ARK. R. PROF. CONDUCT 3.7. But Leonard isn't that witness. He won't testify at trial and hasn't submitted any impermissible testimony. There's no evidence in the declaration; it's mostly argument with some procedural history. The Court took it as such. Leonard and his declaration stay in.

**5.** The Court is disappointed by the parties' lack of consensus on the claim form. Baptist's request for a status conference is granted. The Court will hold it in courtroom B155 in Little Rock at 1:00 P.M. on Thursday, 5 November 2020, when the Court expects to be waiting on a jury's verdict. The Court offers these preliminary observations for the parties' consideration in preparation for the conference.

- The shorter and simpler the form, the better;

- A foundational disagreement appears to be whether the spreadsheet data is conclusive or needs to be double checked through the claim form;

- Whitley's proposed first paragraph is good;

- Baptist's section II probably seeks too much helpful but non-essential information at the threshold; and

- The reminder checklist is good and it should be on a separate page.

\* \* \*

All three motions, *Doc. 234, 247 & 251*, are denied. The Court endorses the parties' sound suggestion to defer the payment-damages depositions until after claims are received. We will also discuss the schedule from here on at the status conference.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 October 2020