IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                     PLAINTIFF

v.                          No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; DIAMOND RISK
INSURANCE LLC; ADMIRAL
INSURANCE COMPANY; ADMIRAL
INDEMNITY COMPANY; IRONSHORE
INDEMNITY, INC.; and IRONSHORE
SPECIALTY INSURANCE CO.                                        DEFENDANTS

ORDER

After more than four years of vigorous litigation, the parties agree that the best way to move this case to some kind of resolution is an interlocutory appeal. They seek to do so by way of certification pursuant to either Federal Rule of Civil Procedure 54(b), or 28 U.S.C. § 1292(b), or both. Piecemeal appeals, though, are and should be disfavored. The question is whether this case qualifies as one of those rare instances where the many benefits of having one appeal after final judgment are outweighed by other considerations.

*First*, it's useful to trace how we got here. Whitley sued two Baptist entities and six insurors. He pleaded four claims. The dispute is about how Baptist collects for services when a third party may be liable for an insured patient's injuries—a process that implicates

Baptist's provider agreements and dealings with patients' insurors, involves medical liens and a bill collector (RevClaims), and touches Baptist's dealings with its patients. The medical liens complicate litigation by the patients against the third parties who caused their injuries. Whitley named Baptist's insurors pursuant to Arkansas's direct action statute, ARK. CODE ANN. § 23-79-210, as a hedge against Baptist asserting charitable immunity, which the hospital did. There was an interlocutory appeal on a CAFA issue. After remand, the Court rejected a standing challenge. The parties did discovery. Thereafter, Baptist sought summary judgment and Whitley sought class certification. The Court denied summary judgment to the hospital, dismissed two of Whitley's claims without prejudice as duplicative, and certified the class. The Court of Appeals declined to hear a second interlocutory appeal under Federal Rule of Civil Procedure 23(f).

After more discovery about class members, and much wrangling about who was in the class, notice, and the claim form, the Court alerted the parties that it was considering whether a trial was really needed on liability for the two remaining claims (violation of Arkansas's Deceptive Trade Practices Act and breach of the provider agreements on a third-party beneficiary theory). After hearing from the parties, the Court concluded that the class—as substantially narrowed—was entitled to judgment as a matter of law on liability. Doc. 243. Unresolved matters include completing a claims process for class

members damaged by delay from not being able to settle their claims against tortfeasors because of Baptist's medical liens, doing some clean-up discovery, and maybe having a trial on damages for class members who had to pay money to clear liens.

What about the Whitley class's direct claim against Baptist's insurors? There are unresolved issues there, too. One insurer was dismissed by stipulation. *Doc. 217 & 218*. Four others have never answered or otherwise appeared. The docket contains no record of service on them. The Court therefore dismisses Admiral Insurance Company, Admiral Indemnity Company, Ironshore Indemnity, Inc., and Ironshore Specialty Insurance Company without prejudice. FED. R. CIV. P. 4(m).

That leaves one insurer, Diamond Risk Insurance. This company is represented by the same lawyers who represent the Baptist entities. And Diamond Risk joins in the request for an interlocutory appeal. Neither Baptist, Diamond Risk, nor Whitley has ever sought adjudication, on motion or by trial, of Baptist's charitable immunity. *Davis Nursing Association v. Neal*, 2019 Ark. 91, at *5–8, 570 S.W.3d 457, 460–62; *Progressive Eldercare Services-Chicot, Inc. v. Lang*, 2020 Ark. App. 186 at **1, 2020 WL 1283446, at *2–3. Whitley's unresolved claim against Diamond Risk, and Baptist's related defense, is a "who pays" issue. If the hospital enjoys immunity as a charity, Diamond Risk must

pay to the extent coverage exists. If there's no immunity, Baptist must pay. *Neal*, 2019 Ark. at *5–8; *Lang*, 2020 Ark. App. 186 at **1.

One other loose end. In its motion for interlocutory appeal, Baptist mentions its defense that RevClaims (the bill collector involved in the medical liens) was an independent contractor. The point is that RevClaims's status might relieve Baptist from any lien-related liability. This issue has been dormant. Whitley makes no claim against RevClaims.

To summarize: the case involved multiple parties; Whitley pleaded his case as one involving multiple claims; the Court has resolved some claims (partly or completely) against some parties, albeit mistakenly from the perspective of both Whitley and Baptist; Whitley's direct action against Diamond Risk, which rises or falls depending on Baptist's unresolved charitable immunity, has not been decided.

Now to the *second* issue: does this odd constellation of circumstances satisfy Rule 54(b)? *Dean v. County of Gage, Nebraska*, 807 F.3d 931, 937–39 (8th Cir. 2015). The Court has wrestled with this question, finding it more complicated than it appears. The unserved insurors don't matter because they were never actually parties. Without them, there were still multiple parties — the two Baptist entities and Diamond Risk. At first blush, there seem to be multiple claims, too. The parties do not seek certification of the Court's Order dismissing as duplicative Whitley's claims for unjust enrichment or tortious

-4-

interference. His claims for breach of the provider agreements (as a third party beneficiary) and violation of Arkansas's Deceptive Trade Practices Act are pleaded as separate claims, one at common law and one statutory. They share a factual basis, though that's not determinative. The difficulty is that they're alternative routes to the same place. Whitley can't recover on both. Then there is the direct action against Diamond Risk. It is premised on Baptist's liability. It has additional components: coverage, and the existence of charitable immunity. ARK. CODE ANN. § 23-79-210; *Neal, supra*. As noted, neither component has been ventilated. Recovery is mutually exclusive— either Baptist or Diamond Risk is on the hook, but not both. Whether multiple claims exist for purposes of Rule 54(b) is a famously vexed question. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2657 (4TH ED. 2014). The Court need not answer it on this tangled record, however, because even assuming the presence of multiple claims, there is a deeper problem in the parties' request.

There is no final judgment lurking here for the Court to certify. The Court's ruling on liability did not resolve whether Baptist or Diamond Risk had to pay Whitley. This is not the usual case where the parties want to appeal on a claim or claims that the Court has completely rejected while other claims pend. *E.g., Dean*, 807 F.3d at 937–39. It is not a case where the Court has decided for the plaintiff on

a claim for a sum certain, but other claims remain, as well as a counter-claim that might entitle the defendant to an offset. *E.g., Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8–9 (1980). Instead, this Court's ruling was interlocutory. Charitable immunity, and with it the question of who bears actual liability, remains to be resolved. Then, of course, there are the hanging damages issues. The decision that there is liability does not completely dispose of the ADTPA and breach claims because the amount of liability is undetermined. Assume away all the multiplicity issues and consider a one-claim suit by Whitley solely against Baptist. Would the Court's ruling on liability alone be a final one that resolved the case? The question answers itself. "The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291. But the District Court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (emphasis original). The Court's ruling on liability leaves too many issues open to qualify as a final decision certifiable under Rule 54(b).

*Third*, notwithstanding the lack of finality, the last question is whether this is an exceptional case that satisfies § 1292(b)'s strict criteria. Interlocutory appeals are not favorites of the law. *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). The finality principle embodied in 28

U.S.C. § 1921 is bedrock. The Court of Appeals has plenty to do handling appeals from final judgments and other obligatory matters. I don't recall ever certifying an Order for interlocutory appeal. But, having weighed all the material circumstances, I conclude that these parties have carried the heavy burden imposed by the statute.

What exactly constitutes acceptance of payment under the provider agreements, against the backdrop of Arkansas's recoupment statute, ARK. CODE ANN. § 23-63-1801, *et seq.*, and its medical lien statute, ARK. CODE ANN. § 18-46-101, *et seq.*, is the deep legal issue in this case. In § 1292(b)'s word, it is controlling. The answer determines whether Whitley and the class have ADTPA and breach claims. The answer determines class membership. And the answer drives the recoverable damages. Unlike the discovery issue in *White*, the parties' core dispute is not a matter committed to this Court's discretion. 43 F.3d at 377–78. It is a pure question of law about the interpretation of texts—the provider agreements and the statutes. The nature of the issue weighs for certification.

There is a substantial ground for difference of opinion about the answer. The question is novel. No Arkansas or Eighth Circuit cases are directly on point. "However, substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *White*, 43 F.3d at 378; *see also Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008) (per curiam). The novelty in the *White* case

was more apparent than real because there was a closely analogous body of settled case law. 43 F.3d at 378. And in the *Union County* case, clearly controlling Iowa law existed. 525 F.3d at 646–47. Not so here. There are, to be sure, some helpful Arkansas cases, but none answer the acceptance/lien/recoupment question directly. The parties' vigorous and long-standing back and forth on the core issue makes the point: strong arguments exist on each side. This record shows novelty plus. While this statutory factor does not weigh as heavily for certification as it would were there some deep split of circuit or Arkansas authority, the Court concludes that the parties have satisfied it.

Last, the Court is convinced that certification will materially advance the ultimate termination of this case. *White*, 43 F.3d at 378. The parties' dispute is more than four years old. It is not too strong to say that the acceptance/lien/recoupment issue is the case. Once it is decided definitively, the class and damages issues are decided, and the shape of the rest of the case will be fixed. While there may be another appeal when all is said and done, for example on the charitable immunity issue, the core issue will not resurface. In this factor, the statute's concern is the endgame—the ultimate termination of the case. 28 U.S.C. § 1292(b). Whether they get there by finishing up the litigation or by settlement, the parties need a ruling on the acceptance/lien/recoupment issue. That is why this Court decided it.

And that is why an early evaluation of that decision before the class claims process, and any trial, makes good sense.

\* \* \*

Motions, *Doc. 263 & 264*, partly granted and partly denied. The Court's Orders granting judgment as a matter of law on liability in Whitley's favor and denying reconsideration, *Doc. 243 & 260*, are certified for the Court of Appeals to decide whether to accept a § 1292(b) interlocutory appeal.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 January 2021