IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually, and on
behalf of all others similarly situated                                    PLAINTIFF

v.                              No. 4:16-cv-624-DPM

BAPTIST HEALTH;  BAPTIST HEALTH
HOSPITALS;  and DIAMOND RISK
INSURANCE, LLC                                                            DEFENDANTS

# ORDER

**1.** The Court has received, and appreciates, the motion for preliminary approval of the parties' settlement and related papers. Though the Court has not finished studying everything, it's clear that this is a worthy and commendable proposal.

**2.** The Court has identified Monday, 7 November 2022 at 1:30 p.m. CDT as a likely date for the fairness hearing.  It would be in courtroom 1A at the Richard Sheppard Arnold Courthouse in Little Rock.  With that date in mind, the Court has revised the parties proposed Order granting preliminary approval and permitting notice to the requested new settlement class.  Please review the Court's attached draft.  Any objections or further revisions to the Court's proposed Order are due by 18 July 2022.

**3.** If the parties approve of the Court's proposed timeline, please update the notice, claim form, and summary notice accordingly

with the agreed dates and send revised drafts to chambers email (in Word). Please also add the Court's bulleted timeline to both the notice and summary notice. Anywhere "all caps" are used in the notice, claim form, and summary notice, please change to initial caps only. Bolding is fine. Please eliminate the usage "and/or", replacing that expression with "and" or "or" as appropriate, plus insert serial commas where needed. Assuming the Court stays on course to grant the motion, it may make other tweaks to the Order, but will consult with the parties before making any major change.

    So Ordered.

                                         */s/ DP Marshall Jr.*
                                         D.P. Marshall Jr.
                                         United States District Judge

                                         11 July 2022

11 JULY 2022 DRAFT

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BRIAN WHITLEY, Individually, and on behalf of all others similarly situated**     **PLAINTIFF**

**v.**     **No. 4:16-cv-624-DPM**

**BAPTIST HEALTH; BAPTIST HEALTH HOSPITALS; and DIAMOND RISK INSURANCE, LLC**     **DEFENDANTS**

## ORDER

1. The Court certifies the following class under Federal Rule of Civil Procedure 23(b)(3):

> All Arkansas residents who, from 30 July 2011 to 18 May 2020, received any type of healthcare treatment from any Arkansas entity owned, controlled, or managed by Baptist Health or Baptist Health Hospitals; (i) the treatment was covered by valid, in network, health coverage that was underwritten, administered, or supported by (a) QualChoice of Arkansas, (b) Health Advantage, (c) Blue Cross Blue Shield, (d) Humana, (e) Aetna, or (f) UnitedHealthcare; (ii) Baptist submitted the charges for the treatment to the patient's health insurer for payment; (iii) Baptist accepted payment from the health insurer for the treatment; (iv) Baptist (itself or through its agents) sought payment for the treatment from sources other than the health insurer by maintaining or asserting hospital lien(s) for the treatment after accepting payment from the health insurer; and (v) the individual sustained damages. Covered liens include only those for amounts exceeding copayments,

>   deductibles, coinsurance, and services not covered by the
>   health insurance plan.

Except for the class period end date, the settlement class is substantially the same as the class the Court certified in its 7 August 2020 Order. *Doc. 243 at 6*. In an earlier Order, the Court appointed Whitley as class representative and his attorneys of record as class counsel. *Doc. 138*. They will remain representative and counsel for the settlement class.

    **2.**    The motion for preliminary approval of the proposed class settlement, *Doc. 309*, is granted as modified and with some caveats. The deal is within the range of reasonable ways to resolve this case fairly. We'll see at the fairness hearing what the facts are on a full evidentiary record. The Court will hold that hearing at 1:30 p.m. CDT on Monday, 7 November 2022 in courtroom 1A of the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Courtroom 1A, Little Rock, AR 72201. At that hearing, the Court will address the fairness and adequacy of the settlement and the amount of attorneys' fees, costs, charges, and expenses that should be awarded. The Court may change the date or time of the settlement hearing or decide to hold the settlement hearing telephonically or by videoconference without further notice to the class other than posting a notice on the website www._____settlement.com. It may also approve the proposed settlement with such modifications as the settling parties may agree to do, if appropriate, without further notice to the class.

**3.**  The Court adopts the following schedule.

- Notice mailed and publication begins — 19 August 2022
- Motion for attorney's fees filed — 16 September 2022
- Attorney's fees motion and supporting papers posted on website — 23 September 2022
- Deadline for final newspaper publication — 28 September 2022
- Claim period ends — 12 October 2022
- Objection deadline — 12 October 2022
- Final report of claims filed — 19 October 2022
- Notice of hearing appearances delivered — 26 October 2022
- Pre-hearing information sheets (listing exhibits, witnesses, and appearing objectors) and hearing briefs (twenty-page limit) filed — 26 October 2022
- Motion and supporting papers for final approval filed — 26 October 2022
- Hearing exhibits delivered to Court — 2 November 2022
- Fairness/fees hearing — 7 November 2022

**4.** The Court approves the form, substance, and requirements of the notice and claim form attached to this Order as Appendices 1 and 2, respectively.

**5.** The Court approves the summary notice attached to this Order as Appendix 3.

**6.** Epiq Global is hereby appointed to supervise and administer the notice procedure as well as the processing of claims.

**7.** Not later than 19 August 2022, the claims administrator shall cause a copy of the settlement notice and claim form, substantially in the form attached to this Order as Appendices 1 and 2, to be mailed by first-class mail to all class members who can be identified with reasonable effort. A copy of this Order, the settlement notice, and the claim form must also be posted on the case-designated website, www._____settlement.com. For all settlement notices returned as undeliverable, the claims administrator shall re-mail the notices at least twice and use its best efforts to locate updated addresses.

**8.** The claims administrator shall cause the summary settlement notice to be published three times in the *Arkansas Democrat-Gazette*. The newspaper notice must be published on a Wednesday, a Saturday, and another Wednesday. The newspaper notice should be published with the news, not in a section dedicated solely to advertisements. The published version of the notice shall

occupy at least 1/4 of a page, the bigger the better. The third date of publication shall occur no later than 28 September 2022.

**9.** Not later than 30 September 2022, class counsel shall serve on defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

**10.** The Court tentatively concludes that the form and content of the notice program described and the methods set forth in this Order for notifying the class of the settlement and its terms and conditions meet the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law, and constitute due and sufficient notice to all persons entitled to it. The Court will revisit these tentative conclusions after the settlement administrator reports on dissemination and claims. That report is due by 19 October 2022.

**11.** All fees, costs, and expenses incurred in identifying and notifying members of the class shall be paid from the settlement fund.

**12.** All class members (except persons who validly and timely request exclusion in response to the settlement notice being provided pursuant to this Order) shall be bound by all determinations and judgments in the litigation concerning the settlement (including, but

not limited to, the releases provided for therein) whether favorable or unfavorable to the class, regardless of whether such persons seek or obtain by any means (including, without limitation, by submitting a claim form or any similar document) any distribution from the settlement fund or the net settlement fund.

**13.** Class members who wish to participate in the settlement shall complete and submit a claim form in accordance with the instructions contained the notice. Unless the Court orders otherwise, all claim forms must be postmarked or submitted electronically no later than 12 October 2022. Any class member who files a claim form shall reasonably cooperate with the claims administrator, including by promptly responding to any inquiry made by the claims administrator. Any class member who does not submit a claim form within the time provided shall be barred from sharing in the distribution of the proceeds of the net settlement fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the stipulation and by any final Judgment entered by the Court. Notwithstanding the foregoing, class counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the claims administrator so long as distribution of the net settlement fund is not materially delayed. No person shall have any claim against lead plaintiff, lead plaintiff's counsel, or the claims administrator by reason of the decision to exercise this discretion whether to accept

late-submitted claims. Subject to the verification and audit or claim dispute process set out in the settlement agreement, any class member who submits a valid claim form, or completes a claim online, shall be deemed to have submitted adequate proof.

**14.** Any member of the class may enter an appearance in the litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the class who does not enter an appearance will be represented by class counsel.

**15.** Any settlement class member may, upon request, be excluded or "opt out" of the class by mailing or delivering an opt-out notice to the claims administrator. Any such person must submit to the claims administrator a signed request for exclusion postmarked no later than 12 October 2022. A request for exclusion must: (i) provide the name, address, and telephone number of the person requesting exclusion and (ii) state that the person wishes to be excluded from the class. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph and the settlement notice shall have no rights under the settlement, shall not share in the distribution of the net settlement fund, and shall not be bound by the settlement or any final Judgment. Unless otherwise ordered by the Court, any settlement class member

who does not timely request exclusion from the class shall be deemed to have waived his, her, or its right to be excluded from the class, and shall be barred from requesting exclusion from the class in this or any other proceeding.

**16.** Defendants have already served the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, on the proper federal and state officials, class counsel, and this Court. *Doc. 311*. Defendants are solely responsible for the costs of the CAFA notice and administering CAFA notice.

**17.** Any member of the class may appear at the settlement hearing and object if he or she has any reason why the proposed settlement of the litigation should not be approved as fair, reasonable, and adequate, why a Judgment should not be entered, or why attorneys' fees, together with costs, charges, and expenses should not be awarded; provided that any such class member (or any other person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Eastern District of Arkansas and mails copies of those objections by first-class mail to Co-Lead Settlement Class Counsel, Jeffrey P. Leonard, HENINGER GARRISON DAVIS LLC, 2224 First Avenue North, Birmingham, Alabama 35203, and counsel for Defendants, James D. Robertson and Adam D. Franks, BARBER LAW FIRM PLLC, 3400 Simmons Tower,

425 West Capitol Avenue, Little Rock, Arkansas 72201, no later than 12 October 2022.

Unless the Court orders otherwise for good cause, any member of the class who does not make his, her, or its objection in the manner provided shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement or to the award of fees, costs, charges, and expenses to lead plaintiff's counsel or lead plaintiff. Attendance at the settlement hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the settlement, the plan of allocation, or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the settlement hearing. Class members do not need to appear at the settlement hearing or take any other action to indicate their approval.

**18.** Any objections, filings, and other submissions by an objecting class member must state:

**(i)** the objector's full name, address, telephone number, and email address;

**(ii)** information identifying the objector as a class member;

–9–

**(iii)** a written statement of all grounds for the objection accompanied by any legal support for the objection;

**(iv)** the identity of all counsel representing the objector;

**(v)** the identity of all counsel representing the objector who will appear at the fairness hearing;

**(vi)** a list of all persons who will testify at the fairness hearing in support of the objection;

**(vii)** a statement confirming whether the objector intends to testify at the fairness hearing;  and

**(viii)** if applicable, a list, by case name, court, and docket number, of all other cases in which the objector and objector's counsel have filed an objection to any proposed class action settlement within the last three years.

The objection must be signed by the objector or by the objector's duly authorized attorney or representative and include documentation of the attorney's or representative's authority to sign on the objector's behalf.

**19.** Any class member who does not object to the settlement or class counsel's application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed in this Order and in the settlement notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, this Order, and the Judgment to be entered approving the settlement or the

application by class counsel for an award of attorneys' fees together with costs, charges, and expenses.

**20.** Any application by lead plaintiff's counsel for attorney's fees, costs, charges, and expenses shall be filed and served no later than 23 September 2022, and any reply papers shall be filed and served no later than 30 September 2022.

**21.** The released defendant parties shall have no responsibility, liability, or obligation for any application for attorneys' fees, costs, charges, or expenses submitted by lead plaintiff's counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the settlement. Any order or proceeding relating solely to any application for attorneys' fees or expenses, or any appeal from any order relating solely to attorneys' fees or expenses or reversal or modification thereof, shall not affect or delay the finality of the Judgment and the settlement of the litigation.

**22.** At or after the settlement hearing, the Court shall determine whether any application for attorneys' fees, costs, charges, and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the settlement regardless of whether it has awarded attorneys' fees or costs, charges, and expenses.

**23.** All reasonable expenses incurred in identifying and notifying class members as well as administering the settlement fund shall be paid as set forth in the settlement agreement. In the event the

Court does not approve the settlement, or the settlement otherwise fails to become effective, neither lead plaintiff nor lead plaintiff's counsel nor the claims administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed.

**24.** All proceedings in the litigation are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the settlement agreement. Pending final determination of whether the settlement should be approved, neither the lead plaintiff nor any class member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the released claims against any of the released defendant parties in any action or proceeding in any court or tribunal.

**25.** The Court reserves the right to change the date or time of the settlement hearing or to hold the settlement hearing via video or telephone without further notice to class members other than posting a notice on the website www._____settlement.com, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class. Any modifications to the proposed settlement agreement must, at a minimum, be disclosed, filed, and, if material, approved by the Court.

**26.** If the settlement fails to become effective as defined in the stipulation or is terminated, then, in any such event, the settlement agreement, including any amendment or amendments to it (except as expressly provided in the settlement agreement, and this Order) shall be null and void, of no further force or effect, and without prejudice to any settling party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the settling parties.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____