IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN WHITLEY, Individually and
on Behalf of All Others Similarly Situated                    PLAINTIFF

v.                    No. 4:16-cv-624-DPM

BAPTIST HEALTH; BAPTIST HEALTH
HOSPITALS; and DIAMOND RISK
INSURANCE LLC                                                DEFENDANTS

### ORDER

1.  On behalf of the class, Whitley requests final approval of the settlement. He also seeks fees and expenses for class counsel and the claims administrator, as well as an incentive award for serving as lead plaintiff. The motions are unopposed. The Court thanks all the lawyers for their hard work in this case. The parties' papers were done with care and vigor.

2.  The parties' settlement agreement represented the first step toward a good resolution of this long-running dispute. The Court preliminarily approved the agreement a few months ago. *Doc. 314.* All steps required up to this point have been taken: proper notice was given; CAFA was complied with; and a comprehensive near-final report of claims was prepared by the claims administrator. There was a full and fair opportunity for class members to object. Not one did. And the fairness hearing confirmed the Court's initial impression that the $3 million settlement number is fair, reasonable, and adequate. The

Court has come to this conclusion after considering all the material circumstances: the merits of Whitley's case weighed against the terms of the settlement; Baptist's financial condition; the complexity (plus expense) of continued litigation; and the amount of opposition to the settlement. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988); *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1063 (8th Cir. 2013). For the reasons stated at the hearing and in this Order, the Court approves the proposed settlement.

Balanced against the settlement amount, the uncertainty surrounding Whitley's case weighs in favor of final approval. *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 933 (8th Cir. 2013). Although this case has a complicated history, it was far from finished. This Court certified two Orders for interlocutory appeal under 28 U.S.C. § 1292(b). *Doc. 265*. A deep issue is what exactly constitutes acceptance of payment under the provider agreements under Arkansas law. The Court of Appeals granted the petitions. *Doc. 268*. The parties, however, settled while the case was on appeal. The Court of Appeals then remanded this case to allow Whitley to file a motion for approval of a class settlement. *Doc. 295*. The issues presented in the Court's two certified Orders were novel and complex. Neither side was sure to prevail; both sides faced the prospect of yet more litigation.

The settlement puts money back in the pockets of those who lost it when Baptist asserted liens on their outstanding bills. Recipients include a group of individuals who, under this Court's prior analysis, are not entitled to any recovery. After notice of the proposed settlement was published in the *Arkansas Democrat-Gazette* and mailed to almost 2,800 potential claimants, nobody has objected to the deal or requested exclusion from the class. The Court has no reservations about Baptist's ability to pay. Given these circumstances, the settlement is the best way for the class to achieve a certain recovery. *Keil v. Lopez*, 862 F.3d 685, 693-98 (8th Cir. 2017).

3. The Court has relied on Whitley's experienced counsel to conclude that the plan of allocation is fair and reasonable. Members of the two sub-classes who have submitted timely and valid claim forms will receive a payout for their payment damages, delay damages, or both. Although approximately one-half of the settlement amount will revert to Baptist after payouts to claimants and payments of fees, costs, and expenses, there is no evidence that this is detrimental to the class. *In re Target Corporation Customer Data Security Breach Litigation*, 892 F.3d 968, 979 (8th Cir. 2018). Notice was clear and widely distributed. The claims process was well handled, with an emphasis on opportunities to cure defective claims and a global extension of the claims deadline. And, again, no one has objected. The Court therefore approves the plan of allocation.

4. The Court authorizes and directs implementation of the settlement agreement, *Doc. 309-1*. The Court incorporates in this Order all releases contained in the settlement agreement, including the related definitions and the effective date. *Doc. 309-1 at 5-7 & 15*. The released defendant parties must wire all payments to Heninger Garrison Davis LLC law firm as required under the settlement agreement. *Doc. 309-1 at 12-13*. As provided in that settlement agreement, Whitley and all class members have released the released defendant parties from all claims, known and unknown. The released defendant parties have not admitted liability or fault; they have made a good faith settlement of disputed claims. The Court incorporates and approves the agreed limitations on future use of the fact of settlement, and of all related documents, Orders, and the Judgment. *Doc. 309-1 at 15-16*.

5. The Court awards all the attorney's fees and expenses requested. The Court chooses, and applies, the percentage-of-the-benefit method. *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). Considering the time and effort Whitley's lawyers put into this case, the contingent nature of the fee, the results obtained, plus the experience, reputation, and abilities of the lawyers involved, the fee request—forty percent of the settlement amount—is reasonable despite being above the average fee award in a class action. *Ibid.* Plus, a cross-check of that request against the lodestar calculation reveals a multiplier of 2.14, which is well within the range approved by precedent. *Caligiuri v.*

*Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017). And even though the exhibits to the settlement agreement contain clear-sailing provisions, there is no suggestion of collusion or that those provisions would be unfavorable to the class. *In re Target Corporation Customer Data Security Breach Litigation*, 892 F.3d at 979.

6. The Court approves the $7,500 incentive award to Whitley. This is a modest award for Whitley's efforts as the lead plaintiff during approximately six years of litigation.

7. Final Judgment will issue. The Court will retain jurisdiction to oversee the settlement, to resolve any issues that might arise under the settlement or this Order, and to address Baptist's request to vacate certain Orders. That oversight will include receiving further reports about claims administration. Supplemental reports about administration are due on 2 December 2022, 31 March 2023, and thereafter as directed by the Court. Response from the class on the request to vacate due by 21 November 2022; Reply due by 5 December 2022.

8. The claims administrator must post this Order, as well as the accompanying Judgment, on the class website now. And copies of this Order and accompanying Judgment must be mailed to each claimant with their check.

\* \* \*

Motions, *Doc. 315 & 319*, granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 November 2022